UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80062-CR-MIDDLEBROOK(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANTHONY RAUL DEL VALLE,
    a/k/a "QT,"
    a/k/a "Prince,"

        Defendant.
_____/

## GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE TRIAL

The United States of America, by and through the undersigned Assistant United States Attorney submits for the Court's consideration the instant Government's Unopposed Motion to Continue Trial. In support thereof, the Government avers as follows:

1. This case began reactively in April 2024. On April 17, 2024, the government filed a a criminal complaint against the defendant, charging him with distribution of fentanyl, in violation of Title 21, Untied States Code, Section 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) [DE 1].

2. The defendant made his initial appearance on April 19, 2024 [DE 5]. On May 3, 2024, the Court ordered the defendant detained [DE 11].

3. On May 9, 2024, a federal grand jury sitting in the Southern District of Florida

1

returned an Indictment against the defendant, charging the defendant with three counts: distribution of a controlled substance, fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C); possession with intent to distribute a controlled substance, fentanyl, in violation of Title 21, United States Code, Section 841(a)(1)(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation Title 18, United States Code Sections 924(c)(1)(A) [DE 13].

4. On May 15, 2024, the defendant had an arraignment on the Indictment [DE 16]. On the same day, per Order of the Court, trial of this matter was originally scheduled to commence on June 24, 2024 [DE 15].

5. As the investigation continued, and discovery progressed, the government brought additional charges against the defendant, charging the deaths of two victims. On May 30, 2024, a federal grand jury sitting in the Southern District of Florida returned a Superseding Indictment against the defendant, charging four counts: distribution of a controlled substance, acetyl fentanyl and fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), and that the death of Victim 1 (Count 1) and the death of Victim 2 (Count 2) resulted from the use of the substances; possession with intent to distribute a controlled substance, fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation Title 18, United States Code Sections 924(c)(1)(A) [DE 18].

6. On June 5, 2024, the defendant filed an unopposed motion to continue the trial [DE 21], which this Court granted on June 7, 2024, continuing the trial to September 9, 2024, and

2

making an ends of justice determination finding the intervening time excludable for purposes of the Speedy Trial Act [DE 22]. Specifically, this Court ordered that the time between June 5, 2024, and September 9, 2024, is excluded from Speedy Trial calculations.  *Id.*

7. On June 10, 2024, the defendant had an arraignment on the Superseding Indictment before Judge Matthewman.

8. On July 26, 2024, the defendant informed the government, and later this Court, that the defendant was not pleading guilty.

9. This case involves the death of two victims. A significant part of the government's case involves evidence as to the cause of death of the two victims. This evidence involves the expert opinions of the forensic toxicologists and forensic pathologist. The forensic toxicologists examined laboratory specimens provided by the forensic pathologist in this case and provided positive, qualitative results relating to the charged controlled substances in this case. The forensic pathologist performed autopsies on the two victims, provided specimens to the forensic toxicologists, reviewed the forensic toxicologists' findings, and provided cause of death reports relating to the two victims in this case. The cause of death for the two victims includes the charged, controlled substances in this case for Counts 1 and 2. Thus, the forensic pathologist and forensic toxicologists are material and essential witnesses for the government.

10. The government attempted to meet with the forensic pathologist on numerous occasions but was prevented from doing so due to a bomb threat in Palm Beach County that blocked access to the Palm Beach County Medical Examiner's Office and the pathologist having COVID. The government also attempted to meet with the forensic toxicologists but had to go through their litigation coordinator prior to speaking with them.

11.     On August 29, 2024, the pathologist advised the government that he has prepaid arrangements made from September 8, 2024, to September 20, 2024, as he will be in North Carolina pursuant to a financial contract. Specifically, the forensic pathologist advised that while he is employed with the Palm Beach County Medical Examiner's Office, he has a contract with the East Carolina University Medical Examiner's Office during that two-week period to perform autopsies, because there is a shortage in the nation of forensic pathologists and toxicologists. In preparation of this motion, the pathologist has been communicating with the government on numerous occasions regarding his availability, and he has advised that his availability for trial is significantly limited due to his financial contract with East Carolina University Medical Examiner's Office.

12.     Additionally, a significant part of the government's case involves the forensic toxicology findings relating to the cause of death of the two victims in this case. One of the forensic toxicologists in this case advised through the litigation coordinator at AXIS Forensic Toxicology that he is only available to testify on September 9, 2024, due to having surgery the week of September 9, 2024. The forensic toxicologist is an out-of-state expert witness and must fly back to Indiana on September 9, 2024, for surgery.

13.     Finally, the government has been diligently preparing for trial and communicating with AXIS Forensic Toxicology's litigation coordinator for approximately a month to enable the government to speak with the forensic toxicologists, and to determine all individuals involved in the toxicology findings, due to the recent opinion in *Smith v. Arizona*, No. 22-899 (June 21, 2024, J. Kagan), where the United States Supreme Court considered whether opinion from a forensic expert, whose testimony conveyed statements from a lab report and prepared by a different, non-

4

testifying analyst, violated the Confrontation Clause. Due to the recent opinion, the government requested from AXIS a list of all individuals who performed each task for each assay in which the specimen was included, raw data, control data, and standard operating procedures, for each victim's toxicology report.

14. After procuring and finalizing expert witness contracts with AXIS Forensic Toxicology, AXIS was only then able to provide the government with the above-requested information and documents for one victim on August 28, 2024, and the documents for the second victim on August 29, 2024. In total, the documents are approximately 5,000 pages, and thus far the government has counted approximately twenty-three individuals present in the AXIS laboratory.

15. On August 30, 2024, the government provided the defendant with the documents provided by AXIS. The government needs additional time to review the documents and determine whether the individuals must be present at trial, pursuant to *Smith v. Arizona*.

16. Finally, in preparation for this motion, the government communicated with defense counsel, AXIS Toxicology, and the Palm Beach Medical Examiner's Office regarding the availability of all experts.

17. Defense counsel informed the government that he does not oppose this motion, but defense counsel is unavailable until October 21, 2024.

18. The litigation coordinator for AXIS informed the government that one forensic toxicologist is not available the week of October 21 through October 25, 2024, and also the week of October 28, through November 1. The other forensic toxicologist is unavailable October 28, 2024, through November 1, 2024.

19. The forensic pathologist informed the government that he is available the week of November 4, 2024.

20. In view of the foregoing, the government moves this Court to continue trial of this matter to a specially set date on **November 4, 2024,** so as to permit the forensic toxicologists and pathologist to testify. The government further submits, and requests this Court to find, that any intervening period of delay is excludable time under the Speedy Trial Act, pursuant to Title 18, United States Code, Section 3161(h)(3)(A)(Excluding "Any period of delay resulting from the absence or unavailability of a defendant or an essential witness.").

21. No calendar call is currently set in this matter.

22. <u>Local Rule 88.9 Certification</u>: On August 29, 2024, the undersigned communicated via email with counsel for defendant, Glenn Mitchell. Mr. Mitchell advised he did not object to/oppose the government's motion. As stated above, Mr. Mitchell noted that he was unavailable until October 21, 2024.

23. This motion is made in good faith and not for purposes of unnecessary delay.

WHEREFORE, the government respectfully requests and moves this Court grant the government's unopposed motion to continue trial of this matter to November 4, 2024, and that the "ends of justice served by granting the continuance outweigh the public's and the defendant's interests in a speedy trial"

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

BY:    */s/ Shannon O'Shea Darsch*
        SHANNON O'SHEA DARSCH
        ASSISTANT UNITED STATES ATTORNEY
        Fla. Bar. No. 68566
        West Palm Beach, Florida 33401
        Office: (561) 209-1027

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY: *s/ Shannon O'Shea Darsch*
      SHANNON O'SHEA DARSCH
      ASSISTANT UNITED STATES ATTORNEY