UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80062-CR-MIDDLEBROOKS(s)

UNITED STATES OF AMERICA,

                        Plaintiff,

vs.

ANTHONY RAUL DEL VALLE,
    a/k/a "QT,"
    a/k/a "Prince,"
                      Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL**

The United States of America, by and through the undersigned Assistant United States Attorney, submits the instant Response in Opposition to Defendant's Renewed Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 and Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33(b)(2).

    **I.**      **FACTS RELEVANT TO DEFENDANT'S MOTION**

On November 7, 2024, the Defendant was convicted by a jury on all counts of the Superseding Indictment [DE 58, Verdict; DE 18, Superseding Indictment]. Specifically, the Superseding Indictment charged the Defendant with distribution of a controlled substance on April 8, 2024 (Counts 1 and 2); possession with intent to distribute a controlled substance on April 10, 2024 (Count 3); and possession of a firearm in furtherance of, and knowingly carrying a firearm during and in relation to, a drug trafficking crime on April 10, 2024 (Count 4) [DE 18].

Regarding Counts 1 and 2, the Superseding Indictment further charged the Defendant with distributing acetyl fentanyl and fentanyl, and that the death of Victim 1 and Victim 2 resulted from

the use of such substance. *Id.* However, the jury did not find that the Defendant distributed the controlled substance resulting in the death of the victims [DE 58].

Furthermore, relevant only to Counts 1 and 2, the jury did not find the specific nature of the controlled substance distributed by the Defendant. *Id.* The verdict form relating to Counts 1 and 2, stated the following:

> We, the jury, having found the defendant guilty of the offense charged in Count 1, further find that he distributed the following controlled substance(s) (select one or both):
>
> \_\_\_\_\_ Acetyl fentanyl
>
> \_\_\_\_\_ Fentanyl

During trial, the jury questioned the Court as to whether the jury could convict the Defendant on Counts 1 and 2, with knowingly possessing a controlled substance and further asked, "Does he have to knowingly possess fentanyl and or acetyl fentanyl[?]" [DE 53]. The Court thereafter instructed the jury on this question [DE 53-1]. The Court responded, "Please refer to the alternatives on page 11 of the instructions. You can convict if he knew he possessed a controlled substance. He need not know he possessed fentanyl or acetyl fentanyl [DE 53]. Page 11 of jury instructions stated, in part, the following:

> The defendant "knowingly" distributed the controlled substance if (1) the Defendant knew he possessed a substance listed on the federal schedules of controlled substances, even if the Defendant did not know the identity of the substance, or (2) the Defendant knew the identity of the substance he possessed, even if the Defendant did not know the substance was listed on the federal schedules of controlled substances.

[DE 52, p. 11]. Additionally, relevant to Count 1, the jury questioned the Court as to the following: "If we agree with Count 1 Part A as guilty but [] cannot agree on acetyl fentanyl or fentanyl what do we do? (i.e. meaning we cannot confirm either)" [DE 55]. The Court

2

responded: "You should try to agree on the type or types of the drug. If you cannot agree leave the question unanswered. You should then go on to the question on cause of death." *Id.*

The jury convicted the Defendant on Counts 1 and 2, distributing a controlled substance, without answering whether the controlled substance(s) were acetyl fentanyl and/or fentanyl [DE 58].

## II.     ARGUMENT

The Defendant brings the instant motion under both Federal Rule of Criminal Procedure 29 (Renewed Motion for Judgement of Acquittal) and Federal Rule of Criminal Procedure 33(b)(2) (Motion for a New Trial) [DE 71].

Without separate argument under Rule 29 and Rule 33(b)(3), the Defendant first argues that he was denied a fair trial because the jury failed to make a special finding that the Defendant distributed either acetyl fentanyl or fentanyl as charged in the Superseding Indictment and set forth in the verdict form (DE 71, ¶ 2; DE 58, Verdict). The Defendant next argues that the government failed to produce in discovery the entirety of a neighbor's surveillance footage provided to the Lantana Police Department (DE 71, ¶ 3). Specifically, the Defendant argues that the neighbor, Keith Barbrie, allegedly testified that he provided ten days of surveillance video to law enforcement but only a small portion was disclosed to the defense. *Id.* The Defendant argues additional surveillance could have provided exculpable evidence regarding other sources of supply. *Id.*

### A. Rule 29

Federal Rule of Criminal Procedure 29 allows the Court to direct a verdict for a defendant, either on the defendant's motion or *sua sponte*, if the evidence is insufficient to sustain a

3

conviction. *See* Fed. R. Crim. P. 29.  A defendant can raise this motion either at the close of the government's case, Fed. R. Crim. P. 29(a), or after a jury verdict, Fed. R. Crim. P. 29(c).  "The sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction." *United States v. Miranda*, 425 F.3d 953, 962 (11th Cir. 2005) (citation omitted).

In adjudicating a Rule 29 motion, the Court must examine the evidence "in a light most favorable to the government" and make "all credibility choices. . . in support of the jury's verdict." *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004). Ultimately, the question is "whether the evidence . . . [was] sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." *Id*. The Eleventh Circuit will then "uphold the denial of a Rule 29 motion if [the Court] determine[s] that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) (citation omitted).  If the Court elects to grant the motion, it "may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c).

Here, this Court has already denied the Defendant's Rule 29 Motion based on the evidence presented at trial.  For the same reasons, this Court should deny the Defendant's renewed motion for judgment of acquittal, because the evidence was sufficient to sustain a conviction on all counts of the Superseding Indictment.  *Id.*

**B. Rule 33**

Rule 33, on the other hand, allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

Turning to the Defendant's first argument, a conviction pursuant to Tile 21, United States Code, Section 841 may rest on possession of any controlled substance. *See United States v.*

4

*Rutherford*, 175 F.3d 899, 906 (11th Cir. 1999) ("[t]he nature of the controlled substance" is not an offense element); *see also United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990) ("[I]t need not be proved that the defendant had knowledge of the particular drug involved, as long as he knew he was dealing with a controlled substance."). Where an indictment further specifies the substance "involved," that allegation "is included only for sentencing purposes," and a conviction does not require proof of the identified substance. *United States v. Achey*, 943 F.3d 909, 915-16 (11th Cir. 2019); *see also United States v. Requena*, 980 F.3d 30, 50 (2d Cir. 2020) (stating that "as long as the jury unanimously agrees that the offense involved some schedule I or II controlled substance, the *specific* nature of that substance has no bearing on the statutory penalty range and, as a result, "[t]he constitutional rule [requiring jury unanimity] does not apply" and that "this means a jury can convict a defendant for violating § 841 even if some jurors believe that the defendant distributed one drug (say, cocaine) and others believe that he actually distributed another (say, heroin).") (citations omitted). Thus, this Court should deny the Defendant's motion for a new trial based upon the jury not making a special finding as to the controlled substance distributed in Counts 1 and 2, as it is not an element of the offense and jury unanimity does not apply.

Additionally, this Court should deny the Defendant's motion for a new trial based on the Defendant's next argument that the government allegedly failed to give the entirety of Keith Barbrie's surveillance footage. The entirety of the surveillance video in law enforcement's possession was produced on June 17, 2024, in the government's second response to the standing discovery order [DE 26]. The discovery log filed with the Court shows the folder titled "Surveillance Video" that was produced to the Defendant [DE 26-1]. The government did not have sole and exclusive custody of Mr. Barbrie's surveillance videos. Mr. Barbrie produced the

requested surveillance footage to law enforcement and everything Mr. Barbrie provided to law enforcement was provided to the Defendant on June 17, 2024 [DE 26-1, at 9 (files disclosed under "05 Audio-Videos-Photos\GS-24-0036 DEL VALLE Surveillance Videos\Surveillance Video\Surveillance Video 2")].

Further, the defense of other alleged sources of supply is not a novel defense. In the exercise of due diligence, the defense could have sought additional surveillance footage. Additionally, other witnesses at trial, Matthew Michaud and Natalie Lara, did not identify any other drug dealers.

### III.　CONCLUSION

In view of the foregoing, it is submitted that the Defendant has failed to provide argument warranting this Honorable Court to disturb the jury's verdict and grant a new trial, and the Defendant's motion should therefore be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:　*/s/ Shannon O'Shea Darsch*
　　　SHANNON O'SHEA DARSCH
　　　ASSISTANT UNITED STATES ATTORNEY
　　　Fla. Bar. No. 68566
　　　West Palm Beach, Florida 33401
　　　Office: (561) 209-1027

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY:  *s/ Shannon O'Shea Darsch*
      SHANNON O'SHEA DARSCH
      ASSISTANT UNITED STATES ATTORNEY