UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cr-80062-DMM-1

UNITED STATES OF AMERICA

    Plaintiff,

vs.

ANTHONY RAUL DEL VALLE,

    Defendant.
_____/

## OBJECTIONS AND RECOMMENDATIONS
## TO THE PRESENTENCE INVESTIGATION REPORT

    The Defendant, ANTHONY RAUL DEL VALLE, by and through his undersigned attorney, hereby files his objections and disputed facts to the Presentence Investigation Report in the above styled case, and states:

    1.    The Defendant objects to paragraph 8 under Offense Conduct. Pursuant to testimony elicited at trial, Ms. Graham was thoroughly searched at the scene prior to being transported to the Medical Examiner's Office. No pills were found on her person. However, during a further search at the Medical Examiner's Office, 25 pills of acetyl fentanyl with a net weight of 3.3 grams were found on her person. These 25 pills of acetyl fentanyl should not be considered regarding Defendant's Offense Conduct as the jury did not specifically find that the

1

Defendant delivered acetyl fentanyl. See Jury Verdict form attached. There was no evidence that the Defendant's fingerprints or DNA were ever found on the packaging of these 25 pills. There was no evidence that the Defendant was ever in possession or ever distributed these specific pills. Further, the chemical makeup of these 25 pills are clearly different than the 10 pills that the Defendant had in his possession on April 10, 2024 as these pills did not contain acetyl fentanyl.

    2.    The Defendant objects to the facts as stated in paragraph 13 regarding the Possession with Intent to Distribute Fentanyl on April 10, 2024 (Count Three). The information contained in this paragraph is irrelevant and has nothing to do with April 10, 2024 which pertains to Count 3 of the Amended Indictment. Further, while Michaud did testify on direct examination that he personally saw Mr. Del Valle distribute an unknown amount of pills to his aunt as he was looking out of the window on the door, Michaud also stated on cross-examination that at the time of his observation he was sitting down in a chair. Therefore, it was impossible for him to see out of the window because he had to be standing to see through the window. Mr. Michaud had previously, under oath and on numerous occasions, stated that he did not see such activity. On page 59 of Mr. Michaud's Grand Jury testimony (attached), he stated he later saw approximately 4 pills.

There is no evidence that he saw the Defendant hand over the 25 pills that were later found on his aunt.

3. The Defendant objects to Paragraph 31 in that there was conflicting testimony from the Government's expert witness, Stuart Kurtz. Mr. Kurtz testified that there is not enough scientific information or data available to determine what a toxic amount of acetyl fentanyl is for a human being.

4. The Defendant objects in part to Paragraphs 33, 38, 39, 40, and 46. The Defendant objects to the assertion that he is responsible for 3.3 grams of acetyl fentanyl. The Verdict form had two boxes, one for acetyl fentanyl and the other for fentanyl, regarding Counts one and two. The Jury did not make a finding as to whether the drugs relevant to April 8, 2024 were either acetyl fentanyl, fentanyl, or any other drug. The weight and type of a specific drug is important in determining the base level as shown in the drug quantity table. Pursuant to the Drug Quantity Table, acetyl fentanyl has a higher base offense level than fentanyl. Therefore, the Court must know the specific type drug and weight of the drug to determine the Defendant's starting base offense level for the drug amount. Since the jury specifically declined to find the type of drug the Defendant distributed for Counts one and two, this Court cannot assign a starting base offense level regarding Counts one and two. The Defendant cannot be found responsible for 3.3

grams of acetyl fentanyl. Moreover, the Defendant maintains that since there was not a specific finding as to the type of drug distributed, the Verdicts as to Counts one and two are defective. This Court should not assign a starting base offense level for those two counts. However, the Defendant is responsible for 1.1 grams of fentanyl for Count three. The base offense level therefore should be 12.

    5.    The Defendant objects to paragraph 41 in that 2 points should not be assessed. The evidence reveals that Mr. Michaud is the person who originally had the knife in his possession. The surveillance video from the next door neighbor showed Mr. Michaud walking with the Defendant. No knife is visible, and there is no evidence that any threat was made with the knife. The surveillance video reveals that Mr. Michaud voluntarily agreed to leave with Mr. Del Valle regarding the debt. A pocketknife was not used to compel Mr. Michaud to accompany Mr. Del Valle. Therefore, the 2 points should not be assessed.

    6.    The Defendant objects to Paragraph 42. The jury did not make a finding on the verdict form that the substance in Counts 1 and 2 was acetyl fentanyl or fentanyl. There is no evidence that the Defendant had any knowledge that the 10 pills that he had in his possession that were never distributed on April 10, 2024 or any other date contained fentanyl as the pills were marked as a legally manufactured drug, i.e. oxycodone.

7.      The Defendant objects to Paragraph 48, regarding acceptance of responsibility. The Defendant accepted responsibility as set forth in paragraph 36. The Defendant objects to Paragraph 48, and submits that he should receive a reduction of 2 points for acceptance responsibly. A person may receive acceptance of responsibility points even after a trial. See, e.g. United States v. Julio Oliveras, 905 F.2d 623 (2d Cir. 1990). As stated in Paragraph 100, there was no plea agreement offered by the Government in this case. The Government did not engage in any meaningful plea negotiations. The Government insisted on the Defendant pleading guilty to all conduct even conduct that he was not guilty of, to wit, causing the deaths. Under such circumstances, the Defendant could not reasonably accept responsibility to the Government's satisfaction at that time. The Defendant either had to plea to all counts, some of which he was not guilty of, or otherwise go to trial. The Defendant should not be penalized for going to trial. The Defendant was not provided the opportunity to accept responsibility for the conduct in Counts three and four that he was responsible for when facing a trial. The Defendant should receive an adjustment for acceptance of responsibility as set forth in Paragraph 36.

8.      The Defendant objects to paragraph 110. The jury found the Defendant not guilty on both counts of causing the deaths. See Verdict form

attached. A Court may not consider conduct for which the Defendant has been acquitted when imposing a sentence. See, Townsend v. Burke, 334 U.S. 736 (1948).

9. The Defendant objects to a total Offense Level of 20 as stated in Paragraph 46 with an imprisonment range of 33 to 41 months for the reasons set forth above.

WHEREFORE, the Defendant, ANTHONY RAUL DEL VALLE, respectfully requests this Honorable Court to grant these objections and recommendation as stated herein.

Respectfully submitted,

GLENN H. MITCHELL, ESQ.
The Barristers Building
1615 Forum Place, Suite 4B
West Palm Beach, FL 33401
ghmitchelllaw@aol.com
Pleadings: ghmitchellfiling@aol.com
(561) 478-7777

By: */s/ Glenn H. Mitchell*
_____
GLENN H. MITCHELL, ESQ.
Florida Bar No. 239267

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

             */s/ Glenn H. Mitchell*
     By: _____
             GLENN H. MITCHELL, ESQ.
             Florida Bar No. 239267

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80062-CR-MIDDLEBROOKS(s)

UNITED STATES OF AMERICA

v.

ANTHONY RAUL DEL VALLE,
    a/k/a "QT,"
    a/k/a "Prince,"

    Defendant.
_____/

## VERDICT

**Count 1**

We, the Jury, find the Defendant as to Count 1 of the Superseding Indictment:

_____ Not Guilty

\_\_\_X\_\_\_\_ Guilty

*Note: If you did not find the defendant guilty as to Count 1, please proceed to Count 2. If you found the defendant guilty as to Count 1, please answer the following questions:*

We, the jury, having found the defendant guilty of the offense charged in Count 1, further find that he distributed the following controlled substance(s) (select one or both):

\_\_\_\_\\\_\_\_\_ Acetyl fentanyl

_____ Fentanyl

We, the jury, having found the defendant guilty of the offense charged in Count 1, further find that the controlled substance(s) the defendant distributed resulted in the death of

1

Victim 1; that is, that the controlled substance(s) was/were a but-for cause of the death of Victim 1.

    __✗__    Not Guilty

    _____    Guilty

**Count 2**

We, the Jury, find the Defendant as to Count 2 of the Superseding Indictment:

    _____    Not Guilty

    __✗__    Guilty

*Note: If you did not find the defendant guilty as to Count 2, please proceed to Count 3. If you found the defendant guilty as to Count 2, please answer the following questions:*

We, the jury, having found the defendant guilty of the offense charged in Count 2, further find that he distributed the following controlled substance(s) (select one or both):

    _____    Acetyl fentanyl

    _____    Fentanyl

We, the jury, having found the defendant guilty of the offense charged in Count 2, further find that the controlled substance(s) the defendant distributed resulted in the death of Victim 2; that is, that the controlled substance(s) was/were a but-for cause of the death of Victim 2.

    __✗__    Not Guilty

    _____    Guilty

**Count 3**

We, the Jury, find the Defendant as to Count 3 of the Superseding Indictment:

_____ Not Guilty

__X__ Guilty

**Count 4**

We, the Jury, find the Defendant as to Count 4 of the Superseding Indictment:

_____ Not Guilty

__X__ Guilty

*Note: If you did not find the defendant guilty as to Count 4, please sign and date the form. If you found the defendant guilty as to Count 4, please answer the following questions:*

We, the jury, having found the defendant guilty of the offense charged in Count 4, further find the following circumstances (select one or both):

__X__ Carrying a firearm during and in relation to a drug trafficking crime

_____ Possession of a firearm in furtherance of a drug trafficking crime

SO SAY WE ALL, this _7th_ day of November, 2024.

_____
Jury Foreperson Signature

_____
Jury Foreperson Printed Name

3